## FOREMAN et ux. v. TEXAS & N. O. R. CO.
### No. 2960.

United States District Court,
W. D. Louisiana, Lake Charles Div.

May 7, 1951.

J. Minos Simon, Lafayette, La., for plaintiffs.

Thos. F. Porter, Thos. L. Raggio, and J. Douglas Nesom, all of Lake Charles, La., for defendant.

DAWKINS, Chief Judge.

This is an action in tort by the parents of a driver of a truck who was in collision with the locomotive of the defendant railroad. A motion for a directed verdict by the latter having been denied, followed by a finding for plaintiff in the sum of $10,000, the court is now confronted with a motion for judgment notwithstanding the verdict and in the alternative for a new trial.

■ It is my belief that the evidence preponderates in favor of the conclusion that the defendant's train was being driven over the streets of Crowley at an excessive rate of speed, since it ran approximately one-quarter of a mile before being stopped after the engineer had seen the collision with the truck. There are seriously disputed questions of fact as to the obstruction of the view to the west and left of the truck from which the train was approaching, whether the whistle was blown, the bell rung, and the noises of two other switch engines or trains in the immediate vicinity made it impossible to hear the signals. There is a further question of how close to the main track on which the train was proceeding the deceased had to approach before being able to see it, the rate of speed at which he was driving, etc. The collision occurred at a frequently used crossing, in a comparatively populous portion of the town of Crowley, which put upon defendant the duty of exercising a very high degree of care in giving all necessary warnings and controlling the speed of its train, etc.

■ All these questions have been resolved in favor of the plaintiff by the jury, and this court cannot say as a matter of law that there was no substantial evidence if believed to justify the verdict or that there was no negligence on the part of defendant, but if so, that the contributory negligence of the plaintiff was the proximate cause of the accident. The amount of the verdict was not excessive.

The motions for judgment notwithstanding the verdict and in the alternative for a new trial will, therefore, be denied.